WESTBROOKS, J., SPECIALLY CONCURRING:
 

 ¶ 15. I concur that the letter is not a part of the record and, therefore, is not properly before this Court. However, I write separately in the hopes that Peterson can address the concerns regarding the letter attached in a subsequent PCR
 

 motion. From the record, we do know that the State made a request to issue witness subpoenas yet did not call any witnesses for the 2014 PCR evidentiary hearing. While the State has the right to release its own witnesses, the manner in which Howell was released seems to be exclusive and not transparent.
 

 ¶ 16. It appears from the letter attached to the appellant's brief that prior to his PCR evidentiary hearing the trial judge engaged in ex parte communications with a fact witness, John Howell, and the State.
 
 [2]
 
 In the letter Howell reveals that the conference took place without the knowledge of Peterson or his counsel, T.K. Byrnes. In discussing ex parte matters, this Court has held that "[t]he issue is not wrongdoing ... but rather the potential for such and the appearance of bias to the general public."
 
 Boatwright v. Boatwright
 
 ,
 
 184 So.3d 952
 
 , 966 (¶ 40) (Miss. Ct. App. 2015) ;
 
 see generally
 

 Jenkins v. Forrest Cty. Gen. Hosp.
 
 ,
 
 542 So.2d 1180
 
 , 1181 (Miss. 1988). Furthermore, "[a]ll that is required is for the totality of the evidence, circumstances, and resulting inferences to objectively raise reasonable doubt as the impartiality of a judge."
 
 Boatwright
 
 ,
 
 184 So.3d at 968
 
 (¶ 45).
 

 ¶ 17. Here, reasonable doubt could be raised as to the court's impartiality toward Peterson since the trial judge seemingly engaged in an ex parte discussion with a fact witness without Peterson's knowledge. Additionally, Howell explains that in the chambers meeting, he told the court he did not want to testify because he was invoking the attorney-client privilege. However, precedent reflects that such privilege belongs to the client and not to counsel.
 

 ¶ 18. Most importantly, the trial court failed to place on the record a transcript or even a summary of that ex parte meeting with Howell. Perhaps at a later date, Peterson should be allowed the opportunity to discover what communications were disclosed to the trial judge during the ex parte meeting on the record. In
 
 Bracy v. Gramley
 
 ,
 
 520 U.S. 899
 
 , 909,
 
 117 S.Ct. 1793
 
 ,
 
 138 L.Ed.2d 97
 
 (1997), the United States Supreme Court held that even if a petitioner was "unable to obtain evidence sufficient to support a finding of actual judicial bias in the trial of his case" with a "sufficient showing" he may "establish 'good cause' for discovery." As mentioned, I do not contend that a party cannot release its own witnesses. However, once the court requested the parties to come into chambers for the purpose of discussing matters relative to the hearing, it was incumbent upon the court to guarantee impartiality by ensuring that all parties were present for all substantive portions of the PCR hearing.
 

 Howell represented Peterson in 2012 during his plea and sentencing. In 2014, prior to the PCR hearing, the State subpoenaed Howell as a witness. However, during a meeting in chambers, he was released and did not testify. In 2017, in response to an inquiry made by Peterson, Howell wrote a letter acknowledging the meeting in chambers. The majority refers to the ex parte communication as an "alleged meeting," but, I see no purpose in suggesting Howell fabricating that occurrence.